IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

J.R. INSULATION SALES & SERVICES, INC.,

    Appellant,

    v.

PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL.,

    Appellees.

Civil No. 11-1779 (SEC)

**OPINION AND ORDER**

The appellant, J.R. Insulation Sales & Services, Inc. ("JR"), appeals from the bankruptcy court's dismissal of its complaint against the appellee, Puerto Rico Electric Power Authority ("PREPA"). On appeal, JR assails that court's grant of dismissal to enforce a mandatory forum selection clause. Because the bankruptcy court's decision to that effect is supported by the record and the applicable law, and because JR failed to properly present to that court the arguments now raised here, this court need not reach the appellate challenges on the merits. JR's challenges are thus summarily rejected, and the bankruptcy court's decision is **AFFIRMED**.

**Factual and Procedural Background**

*The Underlying Facts*

On October 22, 1999, PREPA and JR entered into a series of contracts regarding maintenance, cleanup, and removal of environmental contaminants (the "Contracts"). The Contracts contained in pertinent part the following mandatory forum selection clause:

> This contract shall be subject to, and interpreted by the state laws of Puerto Rico. Additionally, the contracting parties expressly agree that the state courts of Puerto Rico, only, shall be courts with competent and exclusive jurisdiction to resolve the controversies which arise between them in relation to this Contract and which require for its elucidation the intervention of the judicial authority.

JR then leased from one of its suppliers, Brand Scaffold Builders, Inc. ("Brand"), equipment for use in the performance of the Contracts. Some time later, however, JR defaulted

**Civil No. 11-1779 (SEC)**                                                                                           Page 2

on its obligations, resulting in its filing of Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Puerto Rico on February 28, 2003. See In re J.R. Insulation Sales & Services, Inc., Ch. 11 Case No. 03-2050.

On September 25, 2007, JR began an adversary proceeding against PREPA to collect $925,325.01 under the Contracts for alleged unpaid invoices. See J.R. Insulation Sales & Services, Inc. v. Puerto Rico Electric Power Authority (In re J.R. Insulation Sales & Services, Inc.), Adv. No. 07-0294. In May 2008, PREPA answered the adversary proceeding complaint, raising as an affirmative defense that JR's complaint had failed to state a claim upon which relief could be granted. PREPA also moved for summary judgment in September 2008. Contending that Brand's recovery should have been limited to the amounts owed under the contract under which Brand provided services to JR, PREPA also filed a third party complaint against Brand.

The bankruptcy court then held a status conference on October 7, 2008, where it gave the parties until December 3, 2008 to conclude discovery, and until January 15, 2009 to file dispositive motions. The court scheduled a pretrial hearing for February 27, 2009, setting trial for March 17 and 18, 2009. That same day, PREPA consigned with the bankruptcy court the amount of $119,705.28, and requested that JR's claims against it be dismissed with prejudice, because that was the "final amount owed" by PREPA to JR.

In December 2008, JR filed an amended complaint including Brand as a defendant. With discovery still incomplete, PREPA requested an extension of time to the fast-approaching discovery cut-off date, which the court granted. At the scheduled pretrial hearing, which was converted into another status conference at the behest of the parties, the parties argued the pending dispositive motions. On October 13, 2009, the bankruptcy court denied PREPA's dispositive motion, and gave the parties until February 19, 2010 to file a Joint Pretrial Report.

As particularly relevant here, on February 18, 2010, PREPA filed a motion to dismiss under Fed. R. Civ. P 12(b)(6), seeking to dismiss JR's complaint pursuant to the mandatory forum selection clause contained in the Contracts. The next day, the parties filed the Joint

**Civil No. 11-1779 (SEC)**                                                                 Page 3

Pretrial Report. JR timely opposed the motion to dismiss in a three-and-a-half-page motion, maintaining that PREPA should be barred from asserting the forum selection clause, because it purposely availed itself of the bankruptcy court's jurisdiction throughout the proceedings. "It would be unreasonable for [the bankruptcy court] to enforce the forum selection clause" at this late stage of the proceedings, JR argued, without citing any supporting authorities to that effect. "Simply waiting until the very last minute to raise this threshold defense on the footsteps of trial," JR reasoned, "should be sufficient to bar the request." JR concluded by arguing that PREPA "waived this defense by purposely availing itself of the [bankruptcy court's] jurisdiction." (Emphasis added.)

Arguing that the First Circuit treats a motion to dismiss based on a mandatory forum selection clause as the functionally equivalent of a Fed. R. Civ. P 12(b)(6) motion, PREPA contended that it never waived such a defense, and, therefore, the bankruptcy court had jurisdiction to entertain its motion. In the interim, the bankruptcy court continued sine die the trial scheduled for May 25-28, 2010, pending resolution of PREPA's motion to dismiss.

On May 5, 2010, without requesting leave of court, JR filed a supplemental motion to its opposition to PREPA's motion to include case law supporting its argument that PREPA had waived that defense, and that, in the alternative, the enforcement of the mandatory selection clause would be unreasonable and unjust. Specifically, JR contended that, because the state courts lacked jurisdiction to decide the questions presented in the adversary proceeding, enforcing the forum selection clause would deprive it of its day in court. JR devoted a sizable portion of its motion to an argument it never raised in its original opposition, namely that "as a matter of public policy the claims made in the adversary proceeding involved quintessential core [proceedings]," and the bankruptcy court "should promote the well-defined policy goals of centralizing all bankruptcy matters in a specialized forum."[1]

---

[1] Core proceedings are those matters arising under the Bankruptcy Code, i.e., they are proceedings that fall within the core area of bankruptcy power. In re Sheridan, 362 F.3d 96, 106-107 (1st Cir. 2004); see also 28 U.S.C. § 157. Generally speaking, then, a matter that arises directly in the

**Civil No. 11-1779 (SEC)**                                                                 Page 4

The *Bankruptcy Court's Ruling*s

The bankruptcy court issued its ruling on December 10, 2010. The court framed JR's opposition as follows: "1) PREPA should be barred from asserting this defense at this stage of the proceedings; 2) the Court should decline to enforce the clause, because enforcing it will impact the strong policy of centralizing all core [proceedings] in the bankruptcy court." J.R. Insulation Sales & Services, Inc. v. Puerto Rico Electric Power Authority (In re J.R. Insulation Sales & Services, Inc. v. Puerto Rico Electric Power Authority), Ch. 11 Case No. 03-2050, Adv. No. 07-0294, slip op. at 1 (D.P.R. Dec. 10, 2010).

The court quickly dispatched JR's first argument. It first "sympathized" with JR's position, given PREPA's late assertion of the forum selection clause defense. Nevertheless, the court agreed with PREPA that a "motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits." Id. at 3 (quoting Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 388 (1st Cir. 2001)). Since the proceedings were still pending, the bankruptcy court reasoned, "PREPA [was] entitled to raise this cause for dismissal at this time." Id. Consequently, the court rejected JR's waiver argument.

Next, the bankruptcy court took on JR's contention that enforcing the forum selection clause would be unreasonable. The court specifically noted that JR "limit[ed] [this] argument to the second prong of the unreasonable test," id., as defined by a bankruptcy court In re N. Parent, Inc., 221 B.R. 609 (Bkrtcy.D.Mass., 1998), namely that its enforcement would violate a strong public policy of the forum in which the suit was brought.[2] That is, the court explained,

---

bankruptcy case under bankruptcy law is a core proceeding. Id. By contrast, "[a] matter that arises under nonbankruptcy law and happens to be of issue in a bankruptcy case merely because of the accidental fact that one of the parties to the dispute is a debtor in the bankruptcy case usually is not a core proceeding." In re Sokol, 60 B.R. 294, 296 (Bankr. N.D. Ill. 1986) (citation omitted).

[2] In re N. Parent, Inc., a debtor brought an adversary proceeding against its franchisor, who in turn moved to dismiss based on a forum selection clause contained in parties' franchise agreement. The bankruptcy court denied the motion with respect to the core proceedings, holding that "[r]etaining core proceedings in this Court, in spite of a valid forum selection clause, promotes the well-defined policy goals of centralizing all bankruptcy matters in a specialized forums to ensure the expeditious

**Civil No. 11-1779 (SEC)**                                                                                                         Page 5

JR "says that the turnover proceeding here, where liability on the underlying debt is not disputed, is a core matter." Id. The court then analyzed whether the adversary proceeding involved a core matter, and, for reasons irrelevant here, ultimately concluded that it did not. Because the adversary proceeding involved a non-core matter that was subject to the forum selection clause, the court granted PREPA's motion and dismissed JR's complaint without prejudice.

On December 23, 2010, JR filed a motion for reconsideration, and, for the first time, invoked Barletta Heavy Div., Inc v. Erie Interstate Contrs., Inc., 677 F. Supp. 2d 373, 2009 U.S.(D. Mass. 2009) to support a new argument: because (1) PREPA invoked the clause too late in the proceedings, and (2) the clause would not result in the dismissal of the entire case, a court may deny it as unreasonable.[3] "Contrary to the holding of [the bankruptcy court]," JR contended in its motion for reconsideration, "the Barletta court found that [a] defendant's substantial delay in filing the motion to dismiss based upon the mandatory forum selection clause was a compelling ground for its denial." Relying exclusively on Baretta, JR also argued that the enforcement of the forum selection clause would be unreasonable, because it would not dispose of JR's claims against Brand.

In opposition, PREPA argued, among other things, that JR waived its arguments based on Baretta insofar as it raised them for the first time in its motion for reconsideration. On January 12, 2011, the bankruptcy court entered the following line order denying JR's motion for reconsideration:

---

reorganization of debtors." 221 B.R. at 622.

[3] In Barletta, the district court held that it was unreasonable and unjust to enforce a forum selection clause because (1) it was invoked way too late in the proceedings and (2) enforcement of the forum selection clause would require bifurcating the lawsuit into two parallel actions. The court emphasized that the discovery deadline had elapsed; that the court had considered motions for injunctive relief; that a third party was not bound by the forum selection clause; and that "[t]he scheduling order . . . was entered on the basis of a so-called "fast-track" at the parties' request." 677 F. Supp. 2d at 378-379.

**Civil No. 11-1779 (SEC)** Page 6

> We deny "Plaintiff's Motion to Alter or Amend Opinion and Order" Filed on December 23, 2010 for reasons stated in the "Opposition to Plaintiff's Motion for Reconsideration" filed by the Puerto Rico Electric Power Authority entered as docket entry #128, which we adopt as our own and incorporate into this order.

*The Appeal*

Unsatisfied with the rulings by the bankruptcy court, JR filed the present appeal. It raises one lone error. In a nutshell, JR attacks the bankruptcy court's decision because it concluded that the mandatory forum selection clause was enforceable based solely on its determination that the matter was non-core. Docket # 4, p. 20. According to JR, "the bankruptcy court should have engaged in an analysis similar to Barletta, unbound by its determination that the matter was non-core." Id., p. 22. PREPA opposed, alleging that JR failed to raise its argument in a timely manner and "could not raise it or make it clear for the first time" in the motion for reconsideration. Docket # 9, p. 19. Docket # 4, p. 7.

The parties agree that, pursuant to 28 U.S.C. § 158(a), this court has jurisdiction to entertain the instant appeal. JR appeals from the final judgment entered on July 20, 2011, dismissing without prejudice its claims against PREPA.

**Standard of Review**

On appeal, a district court may affirm, modify, or reverse a bankruptcy court's judgment, or remand with instructions for further proceedings. Fed. R. Bkrtcy. P. 8013. The scope of this task, however, varies depending on whether the appeal revolves around findings of facts or conclusions of law. As relevant here, conclusions of law are reviewed de novo. Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998). This standard of review calls for the district court to analyze and solve issues from the same perspective than the bankruptcy court—that is, as if the issues were to be decided for the first time. Water Keeper Alliance v. U.S. Dept. of Defense, 271 F.3d 21, 31 (1st Cir. 2001).

Of course, to be reviewable on appeal, the issue at play (whether of fact or law) must have been properly preserved during the challenged proceedings. Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 146 (1st Cir. 2004) ("If any principle is settled in this circuit, it

**Civil No. 11-1779 (SEC)**                                                                                           Page 7

is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal."). In other words, where the appellant raises an issue for the first time on appeal, the matter is generally deemed waived, unless he demonstrates either "clear and gross injustice" or "plain error." Muñiz v. Rovira, 373 F.3d 1, 5 (1st Cir. 2004). The former standard applies to "sufficiency of the evidence" challenges and requires the appellant to show that no reasonable trier of fact would have reached the appealed conclusions, while all questions of credibility and reasonable inference are drawn against him. U.S. v. Morales-Machuca, 546 F.3d 13, 20 (1st Cir. 2008). The latter, comes into play if legal conclusions are questioned and calls for a showing "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of the judicial proceedings." Muñiz, 373 F.3d at 5.

### Applicable Law and Analysis

*Preservation of issues and Waiver/Forfeiture*

As an initial matter, the Court considers PREPA's contention that JR waived the argument it now raises here. Specifically, PREPA points out that JR cited Barletta for the first time in its motion for reconsideration, and, therefore, the bankruptcy court properly deemed the Barletta argument waived. The Court agrees with PREPA and dispatches this matter quickly.

It is a well-settled principle that "[t]he rules regarding preservation of issues on appeal in bankruptcy cases apply with equal force regardless of whether the appeal is from the bankruptcy court to the district court . . . ." Smith v. HD Smith Wholesale Drug Co (In re McCombs), 659 F.3d 503, 511 (5th Cir. 2011). An equally bedrock principle dictates that "[a] motion for reconsideration is not a vehicle for the introduction of arguments that could and should have been made to the district court earlier." Fábrica De Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 33 (1st Cir. 2012). Indeed, the law in this circuit is unequivocal:"When a party makes an argument for the first time in a motion for reconsideration, the argument is not preserved for appeal." Dillon v. Select Portfolio Servicing,

630 F.3d 75, 80 (1st Cir. 2011); see also, e.g., CMM Cable Rep, Inc v. Ocean Coast Props., Inc., 97 F.3d 1504, 1526 (1st Cir. 1996) (stating "there is absolutely no merit" to the argument "that we should find [a party's] arguments preserved because they were advanced in its motion for reconsideration"); National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (stating that reconsideration motions may not be used by "the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised").

Here, the bankruptcy court permissibly refused to consider Baretta. The propriety of the court's decision is undebatable: JR first brought Baretta to the court's attention in its motion for reconsideration, arguing, for the first time, that the enforcement of the mandatory forum selection clause would be unreasonable, because it would not apply to JR's claims against Brand. But JR had to bring Baretta to the bankruptcy court's attention in its various oppositions—not after the Court entered its opinion without the benefit of Baretta. JR cited Baretta neither in its opposition to PREPA's motion to dismiss nor in its supplemental opposition. And JR has provided no reasons to justify such an omission. Moreover, JR failed to present a developed argument on this front when it had to. A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures . . . ." Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005 ), cert. denied, 547 U.S. 1055 (2006). Accordingly, because JR's argument on this front is not preserved for appeal, it is summarily rejected.

The court now turns to the gist of this appeal: JR's contention that, in enforcing the mandatory forum selection clause, the bankruptcy court erroneously applied the reasonableness standard enunciated by the Supreme Court in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 (1972).[4] The bankruptcy court's determination that the matter was non-core, JR maintains,

---

[4] "Under Bremen, 'the forum clause should control absent a strong showing that it should be set aside,' and the party resisting enforcement bears the 'heavy burden' of demonstrating why the clause should not be enforced." Huffington v. T.C. Group, Inc., 637 F.3d 18, 23 (1st Cir. 2011) (internal

**Civil No. 11-1779 (SEC)** Page 9

was insufficient to decide this issue. JR describes as "inapt" the court's reliance in In re N. Parent, Inc., criticizing the "interpretation of the reasonableness standard upon which it guided its analysis . . . ." Docket # 4, p. 22. For the reasons described below, JR forfeited this argument.

In its opposition to PREPA's motion to dismiss, JR argued that, given the late stage of the proceedings, "[P]REPA [had] waived this defense [the forum selection clause] by purposely availing itself of the [bankruptcy court's] jurisdiction." JR only cited two cases in its whole opposition, however. First, it cited but did not discuss Silva for the proposition that "[e]ven a mandatory forum-selection clause does not in fact divest a court of jurisdiction that it otherwise retains." 239 F.3d at 389 n. 6. And second, it pointed to Mercado-Salinas v. Bart Enters. Int'l, to support its passing mention that a mandatory selection clause "'should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" 669 F. Supp. 2d 176 (D.P.R. 2009) (citations omitted). None of these cases, however, defines or even peripherally mentions what are "unreasonable" circumstances. In fact, Mercado-Salinas, the case JR cited in support of its "unreasonableness" remark bespeaks nothing on this front; the word "unreasonable" appears only once in that case, being part of the boilerplate standard regarding enforcement of mandatory forum selection clauses.

The truth of the matter, then, is that JR's four-page opposition concentrated on the "waiver" argument, not on the lack of enforcement contention. A few remarks on the waiver

---

citations omitted). In Bremen, the beacon by which courts must steer to determine a mandatory forum selection clause's enforceability, the Supreme Court listed four grounds for finding a forum selection clause unenforceable:

> (1) the clause was the product of "fraud or overreaching,"
> (2) "enforcement would be unreasonable and unjust,";
> (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court,"; or
> (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,"

Huffington, 637 F.3d at 23 (brackets in original and citation omitted).

issue are in order. On appeal, JR appears to concede that Silva precludes a finding of waiver. See Docket # 4, p. 24 ("[T]he plain language of Silva may preclude a finding of waiver. . . ."). Indeed, the waiver issue is not raised by JR on this appeal. This concession is well-taken, for Silva unequivocally held that "[a] motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits." Silva, 239 F.3d at 388 (citations omitted); see Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). Because at the time PREPA filed its motion to dismiss on this ground the proceedings were still pending and had not been disposed of on the merits, the bankruptcy court correctly concluded that PREPA had not waived its right to file a motion to dismiss to enforce the forum selection clause.

While it is true that JR mentioned in its opposition that the court should not enforce the mandatory forum selection clause because it was unreasonable, that issue was "[a]dverted to in a perfunctory manner [and] unaccompanied by some effort at developed argumentation." United States v. Hughes, 211 F.3d 676, 684 n.6 (1st Cir. 2000) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)); P.R. Tel. Co. v. Sprintcom, Inc., 662 F.3d 74, 98-99 (1st Cir. 2011) ("If claims are merely insinuated rather than actually articulated in the trial court, we will ordinarily refuse to deem them preserved for appellate review." (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991))). Crucially, JR provided no legal authority for its undeveloped proposition that PREPA's filing of its motion to dismiss at a late stage of the proceeding was "unreasonable," as defined by the Court in Bremen. In fact, JR neglected to even cite Bremen in its opposition. In this circuit, passing reference to legal phrases and case citation without developed argument is insufficient to defeat waiver. See DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001) ("Simply noting an argument in passing without explanation is insufficient to avoid waiver."); CMM Cable Rep, Inc., 97 F.3d at 1525-26 (three sentences with three undiscussed citations did not defeat waiver). "Absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal," River St. Donuts, LLC v. Napolitano, 558 F.3d 111,

**Civil No. 11-1779 (SEC)**                                                                 Page 11

114 (1st Cir. 2009) (quoting Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp.Co., 953 F.2d 17, 21 (1st Cir. 1992) (emphasis added)), and there are no extraordinary circumstances present in this case.

Perhaps recognizing its defective opposition, JR felt compelled to file a ten-page "supplemental" opposition to PREPA's motion to dismiss.[5] Tellingly, instead of supplementing its "unreasonableness" argument by pointing the bankruptcy court to cases like Baretta, JR opted to take a completely different route: it argued that if the bankruptcy court were to determine that PREPA had not "waived enforcement of the forum selection clause, [it] should nonetheless decline to enforce it." To support such an argument, JR cited, inter alia, In re N. Parent, Inc., 221 B.R. at 622, for the proposition that a forum selection clause did not trump a bankruptcy court's core jurisdiction. JR then spent the next six pages of its "supplemental" opposition arguing that the "claims made in [the bankruptcy] case against PREPA [were] core proceedings . . . that should be resolved in [the bankruptcy court] notwithstanding the forum selection clause." To cinch matters, although JR cited Bremen for the first time, it neither analyzed it nor discussed its progeny.[6]

The bankruptcy court's opinion aptly noted JR's shift, stating that JR limited "its argument to the second prong of the unreasonableness test defined in N. Parent . . . ." J.R. Insulation Sales & Services, Inc., Adv. No. 07-0294, slip op. at 3. It is therefore no surprise that the court devoted the last three pages of its opinion to rejecting JR's argument that the matter was a core proceeding. Puzzlingly, on this appeal, JR does not seek review from the bankruptcy

---

[5] Neither the bankruptcy court nor PREPA appeared to have noticed that JR's filing of its supplemental motion, without leave of court, "was completely improper." Marquez-Ramos v. Puerto Rico, No. 11-1547, 2012 WL 1414302, at *7 n. 8 (D.P.R. Apr. 2, 2012) (quoting Scelta v. Delicatessen Support Servs., 71 F.Supp.2d 1222, 1126 (M.D.Fla.1999)).

[6] For instance, JR neglected to even mention Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991) (discussing fundamental fairness review) or Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 632-33(1985) (discussing Bremen's factors). Other than a perfunctory citation to Silva, JR similarly failed to point to any First Circuit cases on this front. E.g., Rivera, 575 F.3d 10.

court's decision that the matter was non-core. Instead, it rehashes the arguments belatedly contained in its motion for reconsideration, which, as concluded above, were already deemed waived. JR essentially asks this court, for the first time, to tackle the issue of whether, in light of Baretta, enforcing the forum selection clause contravenes Bremen. This argument, however, should have been timely presented to the bankruptcy court.

As noted above, on appeal JR conveniently maintains that "the bankruptcy court here should not have constrained its analysis to the second, or for that matter, to any of the three prongs concerning 'reasonableness'" applied by N. Parent. This argument is disingenuous. PREPA correctly calls out JR precisely for pointing the bankruptcy court to the analysis in In re N. Parent, Inc. And PREPA is right: it was JR—not the court—who fixated its analysis on N. Parent, thereby leading the bankruptcy court along this road. The bankruptcy court, then, reasonably and permissibly reached its conclusions based on N. Parent to ultimately reject JR's "unreasonableness" argument. Now that JR dislikes the end result of its bargain, i.e., its single-minded reliance on N. Parent, it faults, with the benefit of hindsight, the bankruptcy court's reliance on and discussion of that case. Had JR analyzed Baretta and Bremen in its opposition (or at least in its supplemental motion), things would have turned out differently. Admittedly, under such a scenario, the bankruptcy court would have been obliged to engage in precisely the same analysis JR now urges this court to embark on. But, as related above, JR neither discussed Bremen nor cited Baretta when it had to; its ship has sailed. In short, JR "[m]ust be bound by the consequences of its litigation strategy." Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008) (citation omitted), cert. denied, 555 U.S. 995 (2008).

In any event, JR's choice of litigation strategy on appeal lends a certain air of unreality to the situation. Under the circumstances described above, it would be unfair to conclude, as JR insists here, that the bankruptcy erred by not going beyond N. Parent in deciding whether enforcing the forum selection clause would have been unreasonable and unjust. The bankruptcy court was not "[r]equired to guess what relief a party wants or why it wants it." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006). As the

First Circuit has had a frequent occasion to reiterate, a court should not be left to "do counsel's work, create the ossature for the argument, and put flesh on its bones." Zannino, 895 F.2d at 17. "We are not mind readers, and to assume that burden by unilaterally cultivating an appellant's claims raises a host of concerns, both procedural and substantive." Holmes v. Spencer, 685 F.3d 51, 68 (1st Cir. 2012) (Howard, J., dissenting). Entertaining JR's appeal on the merits would be fundamentally unfair to the bankruptcy court, because, as a result of JR's inconsistent and undeveloped litigation strategy, that court was deprived of its opportunity to apply Baretta and Bremen to the facts of this case. This court therefore declines to consider, for the first time, the arguments JR finally has managed to develop on appeal.

JR has another arrow in its quiver. "Had the bankruptcy court referenced the record," JR insists, "it would have concluded that PREPA's actions in this proceeding were at odds with the enforcement of the forum selection clause." While it might be true, the court need not reach that issue. As explicated above, JR had to provide the bankruptcy court with authorities (e.g., Baretta) and arguments concluding that, under a similar factual scenario and in light of Bremen, the enforcement of the forum selection clause would have been "unreasonable and unjust." JR failed to shoulder this burden, and, absent an analysis on what constitutes "unreasonableness," the record, standing alone, is insufficient to conclude that enforcing the clause here would have offended Bremen.

To be sure, this court sympathizes, as the bankruptcy court did, with JR's position as a result of PREPA's tardy and questionable invocation of the mandatory forum selection clause. "But sympathy . . . is not a sound basis for administering a system of justice," Sheet Metal Workers' International Asso. v. Carter, 450 U.S. 949, 953 (1983) (Rehnquist, J., dissenting), and does not excuse JR's failure to, based on Bremen, squarely present this argument to the bankruptcy court in lieu of concentrating on N. Parent, and effectively embarking the court on a tangent regarding whether the proceedings were core or non-core; a strategy that ultimately proved unsuccessful. Again, JR had the obligation to elaborate an argument on this front. Reference to the record, however egregious it may be, is no substitute to a legal analysis under

**Civil No. 11-1779 (SEC)**                                                                 Page 14

the applicable law. A party has a duty "to incorporate all relevant arguments in the papers that directly address a pending motion." CMM Cable, 97 F.3d at 1526. This responsibility comprises analyzing relevant case law and presenting applicable legal authority. E.g., Rocafort v. IBM Corp., 334 F.3d 115, 122, 2003(1st Cir. 2003) (citing Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 263 (1st Cir. 1999)). The First Circuit has observed that "[t]hese requirements are even more incumbent when, as here, a party urges the court to adopt new legal principles." Id. (emphasis added).[7]

      Although JR's failure to have developed the challenges now espoused in this appeal authorize this court to reject those claims summarily, see Nat'l Org. for Marriage, Inc. v. McKee, 669 F.3d 34, 43 (1st Cir. 2012), the Court acknowledges that procedural default is not an inflexible rule. See Costa-Urena v. Segarra, 590 F.3d 18, 30 (1st Cir. 2009) (observing that "in certain circumstances [appellate courts] have the discretion to overlook waiver by inadequate argument" (citation omitted)); see also Gove v. Career Systems Development Corp., No. 11–2468, 2012 WL 2892472, at *7 (1st Cir. Jul. 17, 2012) (Torruella, J., dissenting). Nevertheless, there is no plain error here that would excuse waiver. "It is normally not error at all, let alone plain error, for a court to ignore a possible claim or defense that a party fails to proffer or pursue." Town of Norwood v. New England Power Co., 202 F.3d 408, 417 (1st Cir. 2000), cert denied., 531 U.S. 818 (2000). Nor is there a constitutional issue at play here. See Nat'l Ass'n of Social Workers v. Harwood, 69 F.3d 622, 628 (1st Cir. 1995) (finding that the presence of a constitutional issue is "a factor that favors review notwithstanding . . . procedural default"). And while the present controversy is purely legal, see In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 961 (1st Cir. 1993) ("To the extent that an issue is one of law rather than fact, can be resolved without doubt on the existing record, and is likely to arise in other cases, an appellate court may, in the interests of justice, choose to

---

    [7] In its brief, JR recognizes that "[t]he issue of whether enforcement of the forum selection clause would be unreasonable and unjust if invoked too late in the proceedings appears to be an issue of first impression for the Court." Docket # 4, p. 21.

overlook a procedural default"), rejecting JR's claims summarily would entail no miscarriage of justice, because its claims were dismissed without prejudice and, pursuant to the mandatory forum selection clause, may be refiled in state court.

**Conclusion**

For the reasons stated, the bankruptcy court's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of September, 2012.

              *S/Salvador E. Casellas*
              SALVADOR E. CASELLAS
              U.S. Senior District Judge